ASPEGREN FRUIT CO. v. ROBINSON.

CONTRACTS—MODIFICATION—EVIDENCE.

> Evidence considered in an action for breach of a contract to buy apple waste, being a series of letters between the parties, and *held*, not to establish an agreement to modify the original contract of sale.

Error to Berrien; Bridgman, J. Submitted November 4, 1914. (Docket No. 125.) Decided December 18, 1914.

Assumpsit by the Aspegren Fruit Company against John Robinson for breach of a contract of sale. Judgment for plaintiff. Defendant brings error. Affirmed.

*Gore & Harvey,* for appellant.

*Cady & Andrews,* for appellee.

MOORE, J. At the close of the testimony of the plaintiff, and again at the close of all the testimony, the defendant asked for a directed verdict. The case was submitted to the jury. From a verdict and judgment in favor of the plaintiff the case is brought here by writ of error. We quote from the brief of counsel for appellant:

"This case is brought to recover loss of profits occasioned by the alleged failure of the defendants to receive goods according to the terms of certain contracts of sale. The defendant claims that the times of shipment stipulated in the contracts of sale were changed by mutual agreement, and under the altered contract he was not required to accept the goods at the time they were tendered by plaintiff. The plaintiff by its pleadings admits that the times for shipment were extended, but contends that it had the right to make shipment at the time the goods were tendered. The only question before this court is: What was the modified agreement between the parties as to time of shipment? To answer this question correctly will require a full statement of facts.  *  *  *

"We submit as follows: That, the plaintiff having broken the contract by demanding that the defendant accept the waste prematurely, the circuit court should have directed a verdict in favor of the defendant; that the circuit court was in error in stating to the jury in his voluntary charge that the defendant was liable to the plaintiff for the difference between the market value and the contract price."

The contract between the parties is contained in the correspondence which passed between them. We shall quote sufficiently therefrom to understand the situation. A previous order was filled, and is not involved here.

"Contract No. ———.          July 11, 1912.
"Sold to Robinson Cider, Vinegar & Pickle Co., Benton Harbor, Mich.
"For account of the Aspegren Fruit Co., Sodus, N. Y., five cars (12 to 15 tons each) prime bleached apple waste, crop 1912 at 1¼c. per lb. f. o. b. shipping point.

"Payment sight draft B/L attached, payable after arrival and prompt examination of goods.

"Shipments between Dec. 15/12 and Feby. 1/13.

"Above to be packed in bags, bags to be returned.

"In all cases f. o. b. sales the buyer hereby assumes the risks of transit upon issuance by carrier of a clean bill of lading or shipping receipt, notwithstanding the goods may be shipped to seller's order.

"Any complaint as to quality to be made within forty-eight hours after arrival of goods.

"Sellers are not responsible for nonshipments or delay in shipment caused by 'act of God,' general strikes, or strikes on transportation lines, nor for errors or delays on the part of postal authorities or telegraph companies, or for acts of the broker not authorized by sellers. Each car load to be considered as a separate contract.

"Accepted by ROBINSON CIDER VINEGAR CO. (R).

"Accepted.   ASPEGREN FRUIT CO.,

    "Per F. WALTER E. MARTIN, Secy. and Treas."

             "BENTON HARBOR, MICHIGAN, 12/10/12.

"THE ASPEGREN FRUIT CO.,

             "Sodus, N. Y.

*"Gentlemen:*

"I wish you would hold back shipment on the waste we bought of you as we are very short of room.

"We are making preparations to take care of it but are not ready yet. Try and hold it until January 15th, if you can.

             "Resp. yours,

    "ROBINSON CIDER, VINEGAR & PICKLE CO.,

             "Per JOHN ROBINSON."

             "SODUS, N. Y., December 14, 1912.

"ROBINSON CIDER, VINEGAR & PICKLE CO.,

    "Benton Harbor, Michigan.

*"Gentlemen:*

"Your letter of the 10th received, and in reply we beg to state that we will hold back the waste just as long as we possibly can.

             "Yours truly,

             "THE ASPEGREN FRUIT CO.,

    "Per F. WALTER E. MARTIN, Secy. and Treas."

Then followed some letters which are not important to the controversy here:

"BENTON HARBOR, MICH., Dec. 31, 1912.
"ASPEGREN FRUIT CO.,
          "Sodus, N. Y.
"*Gentlemen:*
"We have yours of the 27th with invoice of car of waste. As soon as it arrives we will unload it and remit you.

"Do not ship any more until we order it out for we are stored full. And all our tankage is full and we cannot work it out until we have tank room.
                    "Resp. yours,
          "ROBINSON CIDER, VINEGAR & PICKLE CO.,
                    "Per JOHN ROBINSON."

          "SODUS, N. Y., January 4, 1913.
"ROBINSON CIDER, VINEGAR & PICKLE CO.,
          "Benton Harbor, Mich.
"*Gentlemen:*
"Your letter of December 31st received and was not answered before as the writer was out of town. We note that you do not wish us to ship any more waste until it is ordered out by you. We beg to state, however, that we are perfectly willing to hold this waste as long as we can, although you must not forget that we are also crowded at this time of the year. * * *
                    "THE ASPEGREN FRUIT CO.,
     "Per F. WALTER E. MARTIN, Secy. and Treas."

          "BENTON HARBOR, MICH., 1/6/13.
"ASPEGREN FRUIT CO.,
          "Sodus, N. Y.
"*Gentlemen:*
"Inclosed find check for invoice of Dec. 7th $402.50; also the weight of car.

"Do not ship any more cars until we order it out, for we cannot take care cf it if you ship. It will lay here subject to your order.
                    "Resp. yours,
          "ROBINSON CIDER, VINEGAR & PICKLE CO.,
                    "Per JOHN ROBINSON."

          "SODUS, N. Y., January 8, 1913.
"ROBINSON CIDER, VINEGAR & PICKLE CO.,
          "Benton Harbor, Mich.
"*Gentlemen:*
"Your letter of the 6th received, inclosing check with which we have credited your account.

"We note what you write about not shipping any more waste until you order it out. As we wrote you, we are perfectly willing to hold this waste back as much as we can, but we also pointed out to you that we are crowded for room, and in addition to this we have to pay for this waste, and there is no reason why we should have to pay for and carry waste at an expense to us, when we have it sold to you or any one else. You wrote us some time ago that you were making preparation to take care of this waste, and that we should try to hold it until January 15th, if we could. As we wrote you above, we are perfectly willing to do anything within reason, and are also willing to accommodate you whenever we can and we are willing to hold this waste as long as we can do so, but whenever we find that we will have to ship, we will certainly expect you to live up to your contract and take the waste.

"Yours truly,
"THE ASPEGREN FRUIT CO.,
"Per F. WALTER E. MARTIN, Secy. and Treas."

"BENTON HARBOR, MICH., 1/13/13.

"ASPEGREN FRUIT CO.,
     "Sodus, N. Y.
*"Gentlemen:*
"We have yours of the 8th in answer to ours of the 6th. We will not receive any more waste until we order it out. So if you ship it, it will lay here subject to your order.

"Respectfully yours,
"ROBINSON CIDER, VINEGAR & PICKLE CO.,
"Per JOHN ROBINSON."

The following telegram was sent:

"SODUS, N. Y., January 30, 1913.

"ROBINSON CIDER, VINEGAR & PICKLE CO.,
     "Benton Harbor, M.
"Referring to your letter thirteenth regarding eight cars waste still due we are willing to hold six cars until February fifteenth provided you let us ship two cars now or willing cancel contracts nine hundred fifty dollars. If you do not agree to this in order protect our legal rights must either hold you difference

market value or sell out the waste your account. Wire immediate reply. Collect.

"Aspegren Fruit Co."

No reply was sent to this telegram, and the following letter was sent:

"Sodus, N. Y., February 7, 1913.
"Robinson Cider, Vinegar & Pickle Co.,
        "Benton Harbor, Mich.
"*Gentlemen:*
"On January 30th we telegraphed you as follows: 'Referring your letter 13th regarding eight cars of waste still due, we are willing to hold six cars until February 15th, provided you let us ship two cars now or willing cancel contracts $950. If you do not agree to this, in order to protect our legal rights must either hold you difference, market value or sell out the waste your account. Wire immediate reply. Collect.

"You did not wire us in reply to the above, and we therefore inclose herein bill for difference between the contract price and the market value, amounting to $1,072.50, for which we will thank you to send us remittance at once.

"Yours truly,
"The Aspegren Fruit Co.,
"Per F. Walter E. Martin, Secy. and Treas."

Later the following letter was sent:

"Sodus, N. Y., February 17, 1913.
"Robinson Cider, Vinegar & Pickle Co.,
        "Benton Harbor, Mich.
"*Gentlemen:*
"We beg to refer you to our letter of February 7th, in which we inclose invoice covering difference due us on eight cars of waste. We will thank you to kindly send us remittance to cover same by return mail and very much oblige.

"Yours truly,
"The Aspegren Fruit Co.,
"Per F. Walter E. Martin, Secy. and Treas."

No reply was sent to this letter, and the claim was put in the hands of an attorney for collection, and later defendant sent the following:

"BENTON HARBOR, MICH., April 3d.
"ASPEGREN FRUIT CO.,
              "Sodus, N. Y.
*"Gentlemen:*

"Upon my return home from the South, I am notified by Cady & Andrews, attorneys, that you have made a claim against us.

"Now we see no reason for that. As we wrote you, we were stored full and asked you to hold the goods until we could get room. We are crowded yet as our sales are light on vinegar.

"However, you can start shipping the stock, send us two cars a week if convenient for you. Be sure and send us prime stock, made of late winter apples, and be sure that they will not have over 20% dampness; for we will have to carry the stock a long time until we can make tank room to store in.

"If you buy this stock from other parties you must know that it is prime waste.

                         "Resp. yours,
        "ROBINSON CIDER, VINEGAR & PICKLE CO.,
                          "Per JOHN ROBINSON."

Plaintiff declined to act upon the suggestion contained in this letter, and this suit followed. There were other letters which are not important to the controversy here.

We think this correspondence clearly answers the question we quoted from the brief of counsel, which is stated to be the only question in the case against the contention of defendant. It does not show a change made in the terms of the original contract. The most that can be said of it is that plaintiff was willing to oblige defendant so far as it could, but it is clear it was all the time insisted by plaintiff:

"But whenever we find that we will have to ship, we will certainly expect you to live up to your contract and take the waste."

The record does not disclose any reversible error.

Judgment is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.